# CASES DECIDED

## IN THE

# Supreme Court of Appeals

## OF VIRGINIA

### Staunton.

ANNIE ALBERT *v.* W. R. ALBERT.

September 20, 1923.

1. DIVORCE—*Constructive Desertion—Refusal to Cohabit.*—In the instant case, an action by a husband for divorce on the ground of desertion, the husband and wife had not been living happily together for some time prior to the bringing of the suit, and for a period of from three to six months the wife had refused to cohabit with the husband. But they lived together in the same house, she cooked and washed for him, and they had their meals at the same table, this condition prevailing at the time of the institution of the suit.

   *Held:* That the facts did not warrant a divorce on the ground of desertion.

2. DIVORCE—*Constructive Desertion—Refusal to Cohabit.*—Mere withdrawal of sexual intercourse, although based on no just cause or excuse, where the marital duties are otherwise performed, does not constitute desertion.

3. DIVORCE—*Constructive Desertion—Refusal to Cohabit Accompanied by Other Neglect of Marital Duties.*—The withdrawal of the privilege of sexual intercourse, without just cause or excuse, constitutes willful desertion when such withdrawal is accompanied with such willful breach and neglect of other marital duties as to practically destroy home life in every true sense, and to render the marriage state well nigh intolerable and impossible to be endured. Such conduct, on the part either of husband or wife, is considered to be a general withdrawal from the duties of the marital relationship; and, if willfully done, without just cause or excuse, this, by the great weight of authority, constitutes willful desertion.

Appeal from a decree of the Circuit Court of Giles county. Decree for complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*W. B. Snidow*, for the appellant.

*Williams & Farrier*, for the appellee.

KELLY, P., delivered the opinion of the court.

This is a suit for divorce brought by W. R. Albert against Annie Albert, on the grounds of cruelty and desertion. The decree appealed from awarded the complainant a divorce *a mensa*, without indicating whether the relief was based on one or both grounds.

As to the alleged cruelty, consisting of abusive language towards and physical assaults upon the complainant, the evidence is conflicting, but in our opinion the preponderance thereof does not support the allegations of the bill.

The real question in the case, and the one chiefly stressed on this appeal, is whether, upon the authority of *Chandler* v. *Chandler*, 132 Va. 418, 112 S. E. 856, the complainant is entitled to a divorce on the ground of constructive desertion. It is conceded by counsel that the lower court was of opinion that the Chandler case applied to and controlled this one upon that point. We are constrained to take a different view.

[1, 2] In the instant case, it is shown that Albert and his wife had not been living happily together for some time prior to the bringing of the suit, and that, for a period variously estimated by the witnesses at from three to six months, she had refused to cohabit with

him. But they lived together in the same house, she cooked and washed for him, and they had their meals at the same table. These conditions prevailed at the time of the institution of this suit.

In the *Chandler Case*, on the other hand, the wife had actually left the husband's home shortly before the suit was brought, had refused to cohabit with him for more than three years, and had during the latter period also grossly neglected her duties as a wife with respect to keeping the house for him and looking after his meals.

As pointed out by Judge Sims in the *Chandler Case*, some courts hold that "mere withdrawal from sexual intercourse without just cause or excuse, constitutes willful desertion;" others "go to the opposite extreme of holding that so long as the husband and wife live under the same roof, there can be no desertion which will authorize a divorce;" and still others, including the courts of Virginia, take a middle ground and "hold that mere withdrawal of sexual intercourse, although based on no just cause or excuse, where the marital duties are otherwise performed, does not constitute desertion."

The gist of the decision in the *Chandler Case* is found in the following extract from the opinion:

[3] "In entire accord with the principle on which the middle ground last referred to rests, the following authorities hold that the willful withdrawal of the privilege of sexual intercourse, without just cause or excuse, constitutes willful desertion, within the meaning of such statutes on the subject as that in Virginia, when such withdrawal is accompanied, as in the cause before us, with such willful breach and neglect of other marital duties as to practically destroy home life in every true sense, and to render the marriage state well nigh intolerable and impossible to be endured. Such conduct, on the part either of husband or wife, is considered to be a

general withdrawal from the duties of the marital relationship; and, if willfully done, without just cause or excuse, this, by the great weight of authority, constitutes willful desertion. *Ringgold* v. *Ringgold*, 128 Va. 485, 104 S. E. 836; *Parmly* v. *Parmly*, 90 N. J. Eq. 490, 106 Atl. 456; *Evans* v. *Evans*, 93 Ky. 510, 20 S. W. 605; *Graves* v. *Graves*, 88 Miss. 677, 41 So. 384; *Magrath* v. *Magrath*, 103 Mass. 577, 4 Am. Rep. 579.''

The facts of the instant case do not bring it within the doctrine of the *Chandler Case*, nor do they, in our opinion, warrant a divorce under any other Virginia authority.

The decree complained of must be reversed, and a final decree will be entered here dismissing the bill.

*Reversed.*