### Richmond

JOAN LLOYD SEAVER AICHNER V.
DONALD ROY AICHNER.

March 10, 1975.

Record No. 740549.

Present, All the Justices.

*Frank O. Meade (Meade, Tate, Meade & Daniel,* on brief), for appellant.

*Charles E. Carter,* for appellee.

Harrison, J., delivered the opinion of the court.

Donald Roy Aichner brought suit in August, 1972, to divorce his wife, Joan Lloyd Seaver Aichner, on the ground of constructive desertion. In October, 1972, Mrs. Aichner filed cross-bills for separate maintenance and for divorce, alleging desertion by her husband. By final decree entered February 20, 1974, the trial court awarded the husband a divorce, denied the wife alimony and granted her custody of a minor child and support for the child.

Mr. and Mrs. Aichner were married in 1946. Three children were born of the union; two are now over the age of twenty-one years, and the youngest, a daughter, is fourteen. Both parties

are college graduates, and Mr. Aichner became a textile executive.

A detailed review of the evidence is unnecessary. It suffices to say that these parties lived together in reasonable harmony for approximately twenty-five years, and during that time they completed their educations, established a home and raised three children. Aichner became successful in his profession, and Mrs. Aichner has recently begun a career as a public school teacher.

There is no evidence that the wife was not a good wife, housekeeper and mother. Indeed, a witness called by the appellee testified that Mrs. Aichner was a good wife. The husband's only complaint, and the only act of cruelty he alleges, is that his wife refused to have sexual intercourse with him. It appears that the deterioration in the sexual life of these parties became acute in 1971. Mrs. Aichner said that she refused sexual relations with her husband because he lacked affection for her and that he sought intercourse solely for his own gratification. She testified there was an absence of warmth and affection and that the "idea of love making with no love", or "a sex on demand kind of thing", became abhorrent and distasteful to her. She said it was "animalistic", and that to submit to her husband under these circumstances made her feel like "a whore".

Mrs. Aichner admitted that her husband was a hard worker and a good provider for the children. In fact she said he devoted an "inordinate amount of time" to his work, to the neglect of her and the children. Mr. Aichner testified that his job was time-consuming and that he attended a company-called "quality control meeting every night, starting at 5:30, which lasted sometimes until nine o'clock. This went on six nights a week". Mr. Aichner did not deny that his wife complained to him of his attitude, his lack of attention and affection, and of the absence of communication between them. We find little evidence in the record to indicate any conscious or sustained effort on the part of the husband to correct this condition, or to reestablish the relationship that must have existed between them at one time.

Prior to their final separation on March 7, 1972, the parties had previously separated for a period of six months and had been reconciled in August, 1971. While this reconciliation was not permanent, the evidence does show that both the husband and the wife hoped that it would be successful, and the parties did have sex relations on one occasion after they were reconciled.

■ A careful appraisal of the evidence fails to show clearly that Mrs. Aichner permanently and inexcusably refused sexual intercourse, and it therefore does not support a finding of cruelty or constructive desertion. *Carneal* v. *Carneal*, 211 Va. 162, 176 S. E. 2d 305 (1970). "Generally, mere coolness and denial of sexual intercourse, where other marital duties are performed, do not constitute cruelty or desertion in the sense used in the law of divorce." *Hoback* v. *Hoback*, 208 Va. 432, 436-37, 158 S. E. 2d 113, 117 (1967). *See also Albert* v. *Albert*, 137 Va. 1, 119 S. E. 61 (1923); *Chandler* v. *Chandler*, 132 Va. 418, 112 S. E. 856 (1922); *Ringgold* v. *Ringgold*, 128 Va. 485, 104 S. E. 836 (1920).

■ Further, the only corroboration of Aichner's testimony of the alleged cruel conduct of his wife is that provided by her testimony or admissions, and this is not sufficient. Code § 20-99; *Johnson* v. *Johnson*, 213 Va. 204, 191 S. E. 2d 206 (1972).

Because the evidence does not support a finding that the wife's conduct amounted to cruelty, or that she constructively deserted her husband, we reverse the decree of February 20, 1974, insofar as it awarded Donald Roy Aichner a divorce from Joan Lloyd Seaver Aichner.

We find no corroboration of appellant's allegation that Mr. Aichner deserted her. The only evidence, other than the testimony or admissions of the parties, is that of Robert Benton Wooding, who testified that Mr. Aichner moved out of the family residence, but Wooding did not know why he moved. Mrs. Aichner's cross-bill for a divorce will therefore be dismissed.

We affirm that portion of the decree which provides for the custody and support of Anne Whitney Aichner, infant child of the parties. Mrs. Aichner, having been found without fault, is entitled to separate maintenance as prayed for in her cross-bill. Accordingly, we remand the case for the entry of a decree consistent with the views expressed in this opinion.

*Reversed in part; affirmed in part; and remanded.*