## CIRCUIT COURT OF HENRICO COUNTY

Joseph Reynolds

    v.

Marilyn Reynolds


Marilyn Reynolds

    v.

Joseph Reynolds

### Cases No. 76C390 and 80C753

By JUDGE E. BALLARD BAKER

November 3, 1977

The question is whether Joseph Reynolds is entitled to a divorce from Marilyn Reynolds on the ground of separation under section 20-91(9).

Under the evidence, it appears they both occupy the same house, although sleeping in separate rooms. Their two minor children also live in the same house. Mr. Reynolds usually eats his meals out, though at times he cooks for himself in the house and on occasions has eaten with Mrs. Reynolds and the children. She does the inside housework. He does the outside housework. While he has a half-bath off his room, they otherwise share a bathroom. There has been no intercourse since 1973.

Does this amount to living separate and apart, without cohabitation and without interruption?

There is an annotation on the point, found at 35 A.L.R.3d 1278-1281. The closest Virginia cases are *Albert* v. *Albert*, 137 Va. 1 (1923); *Chandler* v. *Chandler*, 132 Va. 418 (1922); and *Ringgold* v. *Ringgold*, 128 Va. 485 (1920). The Virginia cases relate to the sufficiency of separation in instances of cruelty or desertion.

Cases in the annotation support the proposition that "separate and apart" means more than separate rooms in the same house. It means a complete cessation of all marital duties and relations between the husband and wife. This is not unlike the rule from *Chandler*, quoted in *Albert*, *supra*, requiring desertion to include:

> such willful breach and neglect of other marital
> duties as to practically destroy home life
> in every true sense... (137 Va. 3).

The evidence here, in my view, falls short of that required to show "separate and apart." It has not been shown that all normal relations between husband and wife have ceased. Under the authority of the several cases found in 35 A.L.R.3d 1278-1280, and the Virginia Rule requiring a complete break in marital duties in desertion cases, I do not believe Joseph Reynolds is entitled to a divorce.

December 30, 1981

In case 76C390, this Court entered an order on December 20, 1977, denying a divorce but continuing in effect an order of October 12, 1976 requiring Joseph Reynolds to pay $50. per week child support and $30. per week spousal support. The order recognizes that Marilyn Reynolds and two children were living in the home at 5500 Hawthorne Avenue, with Joseph Reynolds paying some house related expenses. On November 26, 1979, the parties, by agreement, entered an order calling for $310. per month support, with Joseph to also pay the base telephone and other provisions of the October 12, 1976, order.

On July 18, 1980, Marilyn filed a Bill of Complaint asking for a divorce. Case 80C753. That case was heard ore tenus with respect to support on November 30, 1981.

By order of November 25, 1981, 76C390 was consolidated with 80C753.

Upon consideration of the depositions and the hearing on November 30, 1981, it is clear that a divorce under 20-91(9) is appropriate, and that Marilyn has not been shown to be at fault. The only issue is support.

One child is now 18. The other will be 17 on January 18, 1982.

The marriage began on November 11, 1960. It has not been a happy one since the early seventies. During the marriage, Joseph was employed at Philip Morris. He took retirement at 55 on July 1, 1981, after thirty-eight years. His retirement income is $13,619, and he does have about $24,700 in an I.R.A. account, payable to him when he reaches 59½. This amount was paid to him by Philip Morris as his part of a profitsharing arrangement on retirement. His gross pay prior to retirement was $26,500.

Marilyn was a nurse when married, but stopped in 1963 when the first child was born. She returned to work as a school cafeteria employee in 1971 after the second child became six years old. Since 1973, she has been employed as a waitress and presently earns $7,100 working twenty to twenty-five hours a week. She does not seek full time work because she feels her son, now 16, needs her help. However, her part time work is at night. She says she would need a refresher before getting back to work as an LPN.

The major issue in the divorce is support and the primary conflict on that involves Marilyn's request for a lump sum. The only assets available are the home and the money Joseph now has in the I.R.A. account. The Court would not consider touching that. The home requires more comment.

Marilyn is presently residing in the marital home. The home was built in 1962 upon land given to Joseph by his mother. The building contract was signed by both Joseph and Marilyn and they both were on the deed of trust securing $10,000 used to pay the contractors. The house has an assessed value of $49,500.

There is, as always, much more involved than can be specifically stated. However, this is a somewhat typical situation when the wife withdraws from her employment and career early in the marriage and now, with the marriage

ending, finds herself with an earning ability less than she would have had if she had continued to work. The husband, by his uninterrupted career, has reached a reasonably secure position in retirement. Her work in the home during the marriage, while it brought her benefits during that period, has put her in a less favorable position now. Under these circumstances she is entitled to support.

As weekly support, effective January 1, 1982, this Court will enter an award of $30.00 for spousal support and $25.00 for the support of Allen, plus the payment by Joseph of insurance and taxes on the marital home plus electricity, water and sewer for the home, and the base telephone bill. There is no mortgage payment.

The Court also is of opinion that Marilyn is entitled to a lump sum, but as long as she is able to live in the marital home on Hawthorne Avenue under the above conditions, no amount will be set. Marilyn is entitled to a lump sum in the event the marital home is sold without her consent. The amount of this lump sum can be determined only when the occasion arises.

A reasonable allowance for counsel fees will be made on presentation of some statement and documents of counsel.