## Richmond

JULIETTE WALKER GOODWYN

V.

FREDERICK R. GOODWYN

June 12, 1981.

Record No. 791608

Present: Carrico, C.J., Cochran, Compton, Stephenson, JJ., and Harman, S.J.

*Charles E. Poston (Courtney E. Mercer; Poston, Mercer and Mercer,* on brief), for appellant.
*James A. Overton* for appellee.

PER CURIAM.

The sole question for review in this appeal is whether the evidence is sufficient to support the decree of the trial court awarding a divorce on the ground of wilful desertion.

Juliette Walker Goodwyn filed a bill of complaint for divorce on the ground of cruelty in June of 1975.[1] In a cross-bill, Frederick R. Goodwyn, her husband, alleged that she had deserted him on or about May 10, 1975. Having determined that the wife had "removed herself from the bedroom formerly occupied by herself and [her husband]" and that this act was not caused by her husband, the Commissioner in Chancery reported that the wife had deserted her husband and thus was not entitled to spousal support. The Chancellor, confirming the Commissioner's report, awarded the husband a divorce on the ground of desertion and denied spousal support to the wife.

The parties were married in Wilmington, North Carolina, in 1955 and have three children. The events in controversy occurred after approximately twenty years of marriage. In May of 1975, after brief visits with her sister in New Jersey and her husband's brother in Portsmouth, the wife returned to the marital residence in Portsmouth and remained there until June 25, 1975, when she was hospitalized for a cerebral hemorrhage. From the time of her return from her visits until her hospitalization in June, she occupied a separate bedroom from the one she had previously shared with her husband.[2] Nevertheless, during this period, the wife had a job and participated, along with other family members, in the

---

[1] Shortly after filing for the divorce, the wife suffered a cerebral hemorrhage rendering her physically and mentally incapable of caring for her affairs. After being declared incompetent, she was represented in these proceedings by a *guardian ad litem.*

[2] The husband never explicitly stated that his wife refused to engage in sexual intercourse with him during this period. Nevertheless, we believe that the Commissioner and the trial court reasonably could infer from the husband's testimony that she did so refuse.

cooking of meals, purchasing of groceries, cleaning of the house, and taking care of the children. In his report, the Commissioner noted that until the wife was hospitalized, she was "working . . . and performing her usual and customary tasks about the home."

After her hospitalization in Portsmouth, the wife was transferred to another hospital where she remained until September of 1977. Since her release from the hospital, she has lived with her mother in North Carolina.

Whether one's unwillingness to have sexual intercourse with one's spouse constitutes desertion is a question we have addressed in many cases. In *Chandler* v. *Chandler,* 132 Va. 418, 112 S.E. 856 (1922), we held that a spouse's unjustified withdrawal of sexual intercourse constituted desertion "when such withdrawal is accompanied . . . with such willful breach and neglect of other marital duties as to practically destroy home life in every true sense, and to render the marriage state well nigh intolerable and impossible to be endured." *Id.* at 430-31, 112 S.E. at 860-61. *See also Ringgold* v. *Ringgold,* 128 Va. 485, 495-96, 104 S.E. 836, 840 (1920). In *Albert* v. *Albert,* 137 Va. 1, 119 S.E. 61 (1923), however, we ruled that a wife's refusal "to cohabit" with her husband for a period of three to six months did not constitute desertion where they lived together in the same house, the wife cooked and cleaned for him, and they had their meals at the same table. We reaffirmed the rule that the "mere withdrawal of sexual intercourse, although based on no just cause or excuse, where the marital duties are otherwise performed, does not constitute desertion." *Id.* at 3, 119 S.E. at 61. *Accord, Hoback* v. *Hoback,* 208 Va. 432, 436-37, 158 S.E.2d 113, 117 (1967); *Davis* v. *Davis,* 187 Va. 63, 69, 45 S.E.2d 918, 921 (1948). *See also Carneal* v. *Carneal,* 211 Va. 162, 176 S.E.2d 305 (1970), and *Aichner* v. *Aichner,* 215 Va. 624, 212 S.E.2d 278 (1975), where we held that a showing of mere cessation of intercourse, absent evidence of permanent and unexcused refusal, was insufficient to establish cruelty or desertion as a ground for divorce.

The evidence in this case fails to reveal that the wife neglected her familial responsibilities. The Commissioner reported that she contributed to the well-being of her family by working and by sharing in the responsibility of cleaning the house, cooking meals, and caring for the children. All that the evidence shows is that there was a cessation of sexual intercourse for a period of less than two months prior to the wife's hospitalization. Thus, this case

is distinguishable from *Ringgold, supra,* and *Chandler, supra,* and the evidence is insufficient to support the finding of the trial court that the wife wilfully deserted her husband.

We will reverse the judgment of the trial court, reinstate the wife's bill of complaint, dismiss the husband's cross-bill, and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*