## CIRCUIT COURT OF STAFFORD COUNTY

Marjorie Mamie Bourne Lamb

v.

James Preston Lamb

### Case No. (Chancery) 93000073

By Judge James W. Haley, Jr.

April 26, 1994

I. The grounds for divorce, the propriety of spousal support and equitable distribution are all before the court for resolution.

II. The parties were married in 1963. No children resulted from the union but each had children from prior marriages. At the time of marriage Husband drove a delivery truck and Wife worked as a waitress. Thereafter Wife worked for a bank. After having worked part-time at the trade, Husband began a full-time upholstery business in 1973. Soon thereafter Wife joined in this enterprise and the parties worked jointly thereon, developing a substantial business which only terminated when the parties separated on December 12, 1992. The evidence does not justify a conclusion that either party contributed substantially more to the success of this business than the other.

The parties' residence was acquired prior to marriage from Wife's parents (Wife purchasing a sibling's interest therein) with a then apparent value of $10,000.00 to $20,000.00. To the residence was added post-marriage an outbuilding, a den and a bedroom. The property is jointly titled and agreed to be marital property. Adjacent to the residence are two commercial lots likewise jointly-owned and marital on which structures were built in which the upholstery business was con-

ducted. The parties agree these structures can generate rental income of $250.00 to $700.00 per month.

Husband is 64 and arthritic, a condition Wife concedes. Although Husband claims this infirmity precludes gainful employment, Husband had been working for nine years assisting a local auctioneer earning $550.00 monthly until shortly after depositions were taken in this cause on November 9, 1993. Wife is 67 years old and it is uncontradicted that her health is precarious. In December 1992 when the parties separated, Wife's kidney was removed as cancerous. Since then she has undergone two surgeries, one a hysterectomy and the other in conjunction with care for a broken leg. Wife cannot realistically obtain future employment. The parties' respective ages preclude meaningful further educational opportunities to enhance employment prospects. There is no evidence but that the parties are in good mental health.

As noted above, the parties separated in December 1992. Since that time, Husband has purchased a residence in Spotsylvania County, where he lives with one Deborah Curtis who he admits is properly characterized as his "girlfriend." Wife has remained in the marital residence in Stafford County.

The circumstances leading to the separation of the parties are sadly not unique. Suffice it to say that Husband complains of his Wife's unfounded complaints of his unfaithfulness over the years, that these complaints were expressed to third parties to his embarrassment, that sexual relations between the parties ceased, and that the marriage had deteriorated into a continuous argument. Wife testified that in August-September 1992, Husband began removing articles from the home, for the first time in their marriage did not come home until late or not at all, and expressed to at least one family member of the cessation of any love he may have had for Wife. The court notes that Wife's attribution to Husband of outside female interests, if not then true, was prophetic. It is fair to say that "the marriage perhaps was over with long before . . ." the parties separated, as Wife affirmatively responded to counsel's query.

The court has noted the parties relatively equal monetary contribution to the marriage (with the exception of the provenance of the marital residence) and the court cannot conclude on the evidence proffered that either party has made a greater non-monetary contribution to the marriage than the other.

The evidence discloses that all assets set forth in memoranda filed by counsel are marital, that these assets were acquired throughout the marriage, and that the parties are in essence debt free. Insufficient evidence was offered as to tax consequences to either party.

III. Wife claims Husband deserted. Husband alleges constructive desertion. Each has the burden of showing the same by a corroborated preponderance of the evidence. See *Hurt v. Hurt*, 16 Va. App. 792, 433 S.E.2d 493, 498 (1993).

In *Dexter v. Dexter*, 7 Va. App. 36, 42, 371 S.E.2d 816, 819 (1988), the court stated:

> "Desertion is a breach of matrimonial duty, and is composed first, of the actual breaking off of the marital cohabitation, and secondly, an intent to desert in the mind of the offender. Both must combine to make the desertion complete." *Zinkhan v. Zinkhan*, 2 Va. App. 200, 205, 342 S.E.2d 658, 660 (1986) quoting *Nash v. Nash*, 200 Va. 890, 893, 108 S.E.2d 350, 352 (1958). "The 'matrimonial cohabitation' consists of more than sexual relations. It also imports the continuing condition of living together and carrying out the mutual responsibilities of the marriage relationship . . ." *Petachenko v. Petachenko*, 232 Va. 296, 299, 350 S.E.2d 600, 602 (1986) (citation omitted). "The burden of proving desertion should be by a preponderance of the evidence." *Bacon v. Bacon*, 3 Va. App. 484, 490, 351 S.E.2d 37, 40–41 (1987).
>
> The law is settled that desertion as a ground for divorce does not depend on which spouse actually leaves the family home, *Zinkhan*, 2 Va. App. at 208, 342 S.E.2d at 662, and that desertion may occur within the family home or "under the same roof." *See, e.g., Jamison v. Jamison*, 3 Va. App. 644, 647, 352 S.E.2d 719, 721 (1987); *Goodwyn v. Goodwyn*, 222 Va. 53, 55, 278 S.E.2d 813, 814 (1981); *Chandler v. Chandler*, 132 Va. 418, 431–32, 112 S.E. 856, 860 (1922).

The evidence as a whole fails to establish desertion or constructive desertion by the required evidentiary standard. Rather, the evidence as a whole of the parties' marital relationship is best summarized as "the facts establish that both parties had 'accepted that the marriage had ended, that both intended to separate at some time in the future, and that the husband acquiesced in the separation, precluding the finding of

desertion'." *Barnes v. Barnes*, 16 Va. App. 98, 101, 428 S.E.2d 294, 297 (1993).

Accordingly, the divorce will be granted upon the non-fault separation grounds set forth in Code Section 20–91(9). And even had desertion been established:

> A trial court is not compelled to give precedence to one proven ground of divorce over another. *Robertson v. Robertson*, 215 Va. 425, 426, 211 S.E.2d 41, 43 (1975).

*Williams v. Williams*, 14 Va. App. 217, 415 S.E.2d 252 (1992).

IV. The parties have asked the court for equitable distribution.

A court . . . must consider all of "the factors enumerated in Code Section 20–107.3(E)." *Marion v. Marion*, 11 Va. App. 659, 663, 401 S.E.2d 432, 434 (1991). See also *Papuchis v. Papuchis*, 2 Va. App. 130, 132, 341 S.E.2d 829, 830–31 (1986). And "A trial court, when considering these factors, is not required to weigh each factor equally . . ." *Marion, supra*, 11 Va. App. at 664. Rather, "the function of a trial court is to arrive at a fair and equitable monetary award based on the equities and the rights and interest of each party in the marital property." *Mitchell v. Mitchell*, 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987).

The court has considered each of the factors set forth in Code Section 20–107.3. To equitably distribute marital assets requires a court to consider each factor set forth in Code Section 20–107.3, granting to each such weight or measure or proportion as is justified by the evidence and the law, and blend them towards reaching a fair and just result.

This principle is perhaps best expressed in *Aster v. Gross*:

> Equitable distribution is predicated upon the philosophy that marriage represents an economic partnership requiring that upon dissolution each partner should receive a fair portion of the property accumulated during the marriage.

7 Va. App. 1, 5, 371 S.E.2d 833, 836 (1988); see also *Srinivasan v. Srinivasan*, 10 Va. App. 728, 396 S.E.2d 678 (1990).

The statutory factors of Code Section 20–107.3(E) have been set forth in Part II of this opinion. The value and liquid or non-liquid

nature of the marital assets, and their division between the parties, is set forth in Exhibit A█ to this opinion. The division ratio is 50%.

V. Wife seeks spousal support. The propriety of awarding spousal support is a two-step process.

The court must first determine if the party requesting spousal support is barred from receiving it because of blame for the marital breach. This court finds Wife blameless for the martial breach. See *Gamble v. Gamble*, 14 Va. App. 558, 421 S.E.2d 635 (1992). It is not necessary that a blameless spouse establish fault grounds for divorce as a condition precedent to an award of spousal support.[2] *Rexrode v. Rexrode*, 1 Va. App. 385, 339 S.E.2d 544 (1986). And when a Wife is blameless, a Husband will be held to a duty to support the Wife "in the manner to which she was accustomed during the marriage . . ." *Lapidus v. Lapidus*, 226 Va. 575, 580, 311 S.E.2d 786, 789 (1984), and in accordance with her needs, *Kaufman v. Kaufman*, 12 Va. App. 1200, 409 S.E.2d 1, 4 (1991). This duty of spousal support must be tempered, of course, by a recognition of the reasonable limits on the financial resources of the Husband. *Via v. Via*, 14 Va. App. 868, 419 S.E.2d 431 (1992); *Taylor v. Taylor,* 203 Va. 1, 121 S.E.2d 753 (1961). In addition, a determination as to the amount of spousal support must be made subsequent to equitable distribution, *Jones v. Jones*, No. 0082–91–2 (Court of Appeals, Feb. 4, 1992), but spousal support shall not additionally compensate a spouse for property that spouse has received in equitable distribution, *Gamble v. Gamble, supra.*

Finally, a court must devise a spousal support award in light of the parties' present and reasonably foreseeable future circumstances, *Srinivasan v. Srinivasan*, 10 Va. App. 728, 396 S.E.2d 675 (1990), after a consideration of each of the statutory factors set forth in Section 20–107.1, *Gamble v. Gamble, supra.*

---

[2] A finding of constructive desertion by Wife would not preclude her award of spousal support. Amendments to Code Section 20–107.1 have limited the denial of spousal support as a matter of law (in the absence of a finding of manifest injustice by clear and convincing evidence) to those grounds of divorce set forth in Section 20–91(1) (adultery, sodomy, buggery). Other grounds of divorce, such as Section 20–91(3) (desertion) are rather "circumstances and factors which contributed to the dissolution of the marriage . . ." to be considered by the court as to the propriety of awarding spousal support and, if so, its amount.

Here relevant is language used in *Keyser v. Keyser*, 7 Va. App. 405, 414, 415, 374 S.E.2d 698, 703–704 (1988):

> While a party's comparative financial condition before marriage and after divorce may demonstrate one's ability to support oneself, the court must consider the needs of each spouse in relation to each party's ability to provide for those needs and the other spouse's ability or resources to provide for these needs. *Williams v. Williams*, 4 Va. App. 19, 24, 354 S.E.2d 64, 66 (1987).

Statutory factors (2), (4), (5), (6), (7) and (9) of Section 20–107.1 have been considered in Part II of this opinion.

Section 20–107.1:

(3). The parties joint efforts resulted in a comfortable and substantial standard of living, one which has permitted them to accumulate over $400,000.00 in net marital assets.

(1) and (8). As of late 1993, Wife's monthly income was $355.00 social security and $30.38 from a soon to be exhausted IRA. In Part IV of this opinion, Wife was assigned the Dinsmore note, paying $434.94 monthly, and the Stanardsville note, paying $212.30 monthly. This total monthly income of $1,032.62.

In the same time frame, Husband has monthly income of $749.99 from social security, an IRA totalling $305.00 monthly, and, by equitable distribution, an annuity of $130.00. This totals monthly income of $1,184.99.

In addition, Husband has been assigned the two commercial lots with rental potential of $250.00 to $700.00 per month. Finally, Husband was earning $550.00 monthly until immediately after his deposition was taken. There is no evidence of physical disability precluding Husband, who is three years younger than his Wife, from modest part-time employment. Wife's physical problems clearly preclude her employment.

In light of the foregoing, Wife is awarded spousal support of $250.00 per month. The date of inception of payment of spousal support may be determined by the court. *Young v. Young*, 215 Va. 195, 207 S.E.2d 825 (1974). The first payment shall be due June 1, 1994, and continuing monthly thereafter.

Counsel will note that "In regard to the amount of spousal support award, [an appellate court] will reverse an award on that basis only for

an abuse of discretion or the judge's failure to consider all the factors set forth in Code Section 20–107.1. *Steinberg v. Steinberg*, 11 Va. App. 323, 329, 398 S.E.2d 507, 510 (1990); *Ray v. Ray*, 4 Va. App. 509, 514, 358 S.E.2d 754, 757 (1987)." *Barnes v. Barnes*, 16 Va. App. 98, 103, 428 S.E.2d 294, 298 (1993).

VI. Wife seeks an award upon attorney's fees, which total $3,500.00 from March 1993 to date.

In *Lassen v. Lassen*, 8 Va. App. 502, 511, 383 S.E.2d 471, 476 (1989), the court stated:

> An award of attorney's fees is a matter submitted to the trial court's discretion and is reviewable on appeal only for an abuse of discretion. *Graves v. Graves*, 5 Va. App. 426, 435, 357 S.E.2d 554, 558 (1987) . . . .

Wife is awarded $1,500.00 towards counsel fees, which Husband shall pay before 1 January 1995.

### May 9, 1994

The Court appreciates [counsels'] pointing out that the structures with potential rental value are a portion of the residential parcel . . . . Accordingly the figure for spousal support to be paid by Husband to Wife is reduced to $100.00 per month.