## CIRCUIT COURT OF FAIRFAX COUNTY

Susan E. Cardwell

    v.

Martin L. Cardwell, Jr.

July 1, 1999

Case No. (Chancery) 155735

BY JUDGE R. TERRENCE NEY

This matter came before me on May 21, 1999, upon Mr. Cardwell's Motion to Confirm the Commissioner's Report and Dismiss the Bill of Complaint, Mrs. Cardwell's Opposition to Mr. Cardwell's Motion to Dismiss, and Mrs. Cardwell's Exceptions to the Commissioner's Report. For the reasons stated herein, Mr. Cardwell's Motion to Confirm the Commissioner's Report and Dismiss the Bill of Complaint is granted in part, and Mrs. Cardwell's Exceptions to the Commissioner's Report are overruled.

Mrs. Cardwell filed her Bill of Complaint for divorce on June 29, 1998, alleging that Mr. Cardwell voluntarily and willfully deserted and abandoned her without just cause or provocation. Specifically, Mrs. Cardwell alleged that since September 28, 1977, Mr. Cardwell generally withdrew from the duties of the marital relationship and lived intentionally separate and apart from Mrs. Cardwell under the same roof, without any cohabitation and without interruption. Mrs. Cardwell further alleges that in April 1998, Mr. Cardwell stated that the marriage was "over" and that at least by May 27, 1998, there was no hope of reconciliation.

Pursuant to a Decree of Reference entered on July 21, 1998, this matter was referred to a Commissioner in Chancery, Carole Ann Roop. On November 18, 19, and 23, 1998, the parties appeared before the Commissioner and presented their evidence.

On May 5, 1999, the Commissioner filed her report and recommended that the Court deny Mrs. Cardwell a divorce based on Mr. Cardwell's

desertion. Specifically, the Commissioner found that the evidence Mrs. Cardwell presented failed to corroborate the allegations contained in her Bill of Complaint.

A decree which approves a commissioner's report will be affirmed unless plainly wrong or without evidence to support it. *Firebaugh v. Hanback*, 247 Va. 519, 525, 443 S.E.2d 134, 137 (1994); *Hill v. Hill*, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984). While the report of a commissioner in chancery does not carry the weight of a jury verdict, Va. Code § 8.01-610, the report should be sustained by the chancellor if the commissioner's findings are supported by the evidence. *Chesapeake Builders, Inc. v. Lee*, 254 Va. 294, 299, 49 S.E.2d 141, 145 (1997). This rule applies with particular force to the report's factual findings which are based on evidence heard by the commissioner but does not apply to pure conclusions of law contained in the report. *Morris v. United Va. Bank*, 237 Va. 331, 337-38, 377 S.E.2d 611, 614 (1989); *Hill*, 227 Va. at 576-77, 318 S.E.2d at 296-97.

In this case, the Commissioner's recommendation against the granting of a divorce based on Mr. Cardwell's desertion is a factual finding based solely on the evidence the Commissioner heard at the depositions of the parties and their witnesses on November 18, 19, and 23, 1998.

In order for Mrs. Cardwell to prove desertion on the part of Mr. Cardwell, she must demonstrate by a preponderance of the evidence that desertion has occurred under the same roof without Mrs. Cardwell's consent and against her wishes. "[D]esertion is a breach of matrimonial duty–an actual breaking off of the matrimonial cohabitation *coupled* with an intent to desert in the mind of the deserting party." *Petachencko v. Petachencko*, 232 Va. 296, 298-99, 350 S.E.2d 600, 602-03 (1986) (emphasis added). Here, the Commissioner found that Mrs. Cardwell did not meet her burden of proof and that the evidence did not support a finding of the requisite intent for desertion on the part of Mr. Cardwell.

A review of the testimony and evidence presented at the hearings does not demonstrate that the Commissioner erred in her findings of fact and conclusions of law. Despite differences of opinion and difficulties of communication and a less than warm or pleasant living arrangement between this husband and wife, the evidence does not show that Mr. Cardwell intended to abandon the marriage. Indeed, his testimony, the testimony of the marriage counselors as to his wishes to preserve the marriage, his actions which could be fairly viewed as looking toward a future together with his wife — a home on the northern neck, the purchase of a boat — gifts to the wife on anniversaries and holidays, and travel together to visit relatives and on holidays constitute actions inconsistent with a desire to end the marriage,

notwithstanding the separate sleeping arrangements. Mrs. Cardwell plainly failed to meet her burden of proof as to desertion or abandonment of the marriage relationship by Mr. Cardwell.

In general, where other duties are performed, the denial of sexual intercourse does *not* constitute cruelty or *desertion* in the sense used in the law of divorce. *Aichner v. Aichner*, 215 Va. 624, 212 S.E.2d 278 (1975). Indeed, the cessation of sexual intercourse alone does not constitute grounds for divorce unless it was shown to be permanent and inexcusable. *Id.*, see also, *Goodwyn v. Goodwyn*, 222 Va. 53, 278 S.E.2d 813 (1981).

As a result, pursuant to *Chesapeake Builders, Inc. v. Lee*, 254 Va. 294, 49 S.E.2d 141 (1997), and *Hill v. Hill*, 227 Va. 569, 318 S.E.2d 292 (1994), I affirm the Commissioner's findings that the evidence does not support an award of a divorce based upon desertion. Accordingly, Mrs. Cardwell's request for a divorce based upon desertion on the part of Mr. Cardwell is denied.

However, pursuant to the Court's order of October 20, 1998, Mrs. Cardwell is entitled to seek an award of spousal support and maintenance despite the fact that she failed to present sufficient evidence to corroborate her allegations of desertion. The parties are directed to obtain a date certain for hearing on the matter of spousal support.