COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton
Argued at Alexandria, Virginia


JACKSON H. GERWE

v.        Record No. 0860-95-4        MEMORANDUM OPINION[*] BY
                                       JUDGE JERE M. H. WILLIS, JR.
JUDITH GERWE                               JANUARY 16, 1996


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Richard J. Jamborsky, Judge

              Peter M. Fitzner (Shoun & Bach, P.C., on
              briefs), for appellant.

              Morgan Brooke-Devlin, for appellee.



     On appeal from a final decree granting his wife, Judith
Gerwe, a divorce, Jackson H. Gerwe contends the trial court erred
(1) in granting the divorce on the ground of desertion, (2) in
determining the equitable distribution award, (3) in awarding
spousal support to Ms. Gerwe, and (4) in requiring him to pay the
cost of a survivor benefit for Ms. Gerwe under his pension plan.
  We affirm in part and reverse in part.
     Mr. and Ms. Gerwe were married on October 27, 1962.  The
only child of the marriage is emancipated.  Mr. Gerwe is a
retired employee of AT&T.  Ms. Gerwe operates a small craft
business from her home.  Throughout the marriage, Mr. Gerwe
supported Ms. Gerwe and made the majority of the monetary
contributions to the marriage.

─────────────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

In November 1992, Mr. Gerwe left the marital residence without telling Ms. Gerwe and moved in with another woman. He never returned. Prior to his leaving, the parties had no physical relationship for eighteen years and no social relationship for twenty-two years. Ms. Gerwe hired investigators to locate her husband, without success.

On June 7, 1993, Ms. Gerwe filed suit for divorce on the ground of desertion. After attempts to effect service on Mr. Gerwe were unsuccessful, the trial court entered ex parte orders on October 15 and 29, 1993, freezing Mr. Gerwe's assets, awarding Ms. Gerwe $3,100 per month spousal support pendente lite and $5,000 in attorney's fees, and garnishing Mr. Gerwe's pension in the amount of $4,884.

In November 1993, Mr. Gerwe appeared specially to contest the trial court's jurisdiction. Because it lacked in personam jurisdiction over Mr. Gerwe, the trial court vacated the orders granting spousal support and attorney's fees. However, the trial court ruled that it had jurisdiction to freeze Mr. Gerwe's assets and did not vacate that provision.

The commissioner in chancery found that Mr. Gerwe deserted Ms. Gerwe on November 30, 1992, and recommended that Ms. Gerwe be granted a divorce on that ground. The trial court approved this finding and on March 24, 1995, entered a final decree awarding Ms. Gerwe a divorce on the ground of desertion. The decree awarded her the entire marital share of the marital home, a

$53,032 monetary award, $288 a month in spousal support, $10,000 in attorney's fees, 35.6 percent of Mr. Gerwe's AT&T pension, and required Mr. Gerwe to pay the cost of providing that Ms. Gerwe's share would survive for her lifetime.

First, Mr. Gerwe contends that the trial court erred in awarding Ms. Gerwe a divorce on the ground of desertion. He argues that he did not desert her, but that their separation was by mutual agreement. He argues that even if his departure was not specifically by agreement, their marriage was "dead."

A legally recognizable event is necessary to dissolve a marriage. "One spouse is not legally justified in leaving the other spouse simply because the marital relationship has gradually broken down." Pillow v. Pillow, 13 Va. App. 271, 276, 410 S.E.2d 407, 410 (1991). "Desertion occurs when one spouse breaks off marital cohabitation with the intent to remain apart permanently, without the consent and against the will of the other spouse." Barnes v. Barnes, 16 Va. App. 98, 101, 428 S.E.2d 294, 297 (1993). The evidence supports the finding that Mr. Gerwe made a unilateral decision to leave home. Ms. Gerwe did not know his whereabouts and was unable to locate him, even with the help of investigators. We find no error in the trial court's award of the divorce on the ground of desertion.

Second, Mr. Gerwe contends that the trial court erred in determining the equitable distribution award 1) by making a $53,032 monetary award to Ms. Gerwe and 2) by awarding Ms. Gerwe

the entire marital share of the parties' marital home. Mr. Gerwe argues that the trial court did not comply with Code § 20-107.3 in making the monetary award, that it punished him for leaving the marriage, and that the award is not reconcilable with the facts. He argues that because the trial court did not find that he had wasted marital assets, it erred in considering his leaving, secreting himself, and taking money post-separation in fixing the monetary award. He argues that "[c]ircumstances that lead to the dissolution of the marriage but have no effect upon marital property or its value are not relevant to determining a monetary award and need not be considered." Marion v. Marion, 11 Va. App. 659, 664, 401 S.E.2d 432, 436 (1991) (citation omitted).

We will not reverse an equitable distribution award "[u]nless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the finding of fact underlying his resolution of the conflict of the equities. . . ." Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987). We find no abuse of discretion in the equitable distribution award. The trial court considered the factors set forth in Code § 20-107.3(E) and applied them to the facts, taking into consideration specifically that Mr. Gerwe deserted Ms. Gerwe, that he secreted himself, and that he deprived her of support. A trial court when considering the statutory factors of Code § 20-107.3(E) "is not required to

quantify the weight given to each, nor is it required to weigh each factor equally, though its considerations must be supported by the evidence."  Marion, 11 Va. App. at 664, 401 S.E.2d at 436. The evidence supports the trial court's award of the marital share of the marital residence to Ms. Gerwe and the $53,032 monetary award.

Third, Mr. Gerwe contends that the trial court erred in awarding spousal support to Ms. Gerwe.  He argues that the trial court failed to apply Code § 20-107.1 properly.  We disagree.

"[I]n awarding spousal support, the trial court 'must consider the relative needs and abilities of the parties.'" Mosley v. Mosley, 19 Va. App. 192, 197, 450 S.E.2d 161, 164 (1994) (citation omitted).  "When a [trial] court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.'" Huger v. Huger, 16 Va. App. 785, 791, 433 S.E.2d 255, 259 (1993) (citation omitted).  The trial court found 1) that Ms. Gerwe had an income of between $1,000 and $3,000 a year, while Mr. Gerwe had a yearly pension income of $28,115.28, 2) that Mr. Gerwe had made the majority of financial contributions to the marriage, but Ms. Gerwe had made the majority of non-monetary contributions, and 3) that Mr. Gerwe deserted Ms. Gerwe and then secreted himself, leaving her without support.  These findings are supported by the evidence and justify the award of spousal

support to Ms. Gerwe.

Fourth, Mr. Gerwe contends that the trial court abused its discretion in requiring him to pay the cost of converting Ms. Gerwe's share of his pension to a benefit that will survive for her lifetime. He argues that this increased cost will accrue to her more than fifty percent of the marital share of his pension, in violation of Code § 20-107.3(G). We agree.

> Code § 20-107.3(G) provides, in pertinent part:
> No [pension award] shall exceed fifty percent of the marital share of the cash benefits actually received by the party against whom such award is made.

The marital share of Mr. Gerwe's pension is 71.2 percent. The award to Ms. Gerwe of 35.6 percent of Mr. Gerwe's gross pension receipts represented the maximum allowance to her permissible under the statute. The requirement that Mr. Gerwe pay the cost of extending Ms. Gerwe's allowed benefit for her lifetime reduced pro tanto the benefit to be received by him, thus awarding her more than fifty percent of the marital share benefits to be received.

The judgment of the trial court is reversed and modified to delete the requirement that Mr. Gerwe pay the cost of fixing Ms. Gerwe's share of his pension as a benefit to survive for her lifetime. The judgment of the trial court is otherwise affirmed.

<u>Affirmed in part, reversed in part.</u>