COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia

DONNA WARE DIEHL
                                        MEMORANDUM OPINION[*] BY
v.         Record No. 0396-96-4    JUDGE JERE M. H. WILLIS, JR.
                                           NOVEMBER 12, 1996
WILLIAM F. DIEHL

        FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                   Frank A. Hoss, Jr., Judge

        John E. Kilcarr (Kilcarr & Volzer, on brief),
        for appellant.

        Timothy T. Szabo (Szabo, Zelnick & Erickson,
        P.C., on brief), for appellee.


    On appeal from a final decree granting her a divorce from

William F. Diehl on ground of adultery, Donna Ware Diehl contends

that the trial court erred (1) in failing to award her a portion

of the pension payments received by Mr. Diehl between the date of

separation and the date of the divorce decree, (2) in failing to

award her a portion of Mr. Diehl's annual accrued leave pay, and

(3) in awarding her only $1,500 in attorney's fees.  We find no

error and affirm the judgment of the trial court.

    Mr. and Mrs. Diehl were married November 30, 1973.  They

have three children, one of whom is emancipated.  They separated

on April 24, 1994.  On June 3, 1994, the trial court entered a

"temporary agreed order," endorsed by counsel for both parties,

providing, inter alia, that Mr. Diehl should "pay the mortgage

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

payment on the marital home . . . in the amount of $1,660.00 per month . . . in lieu of child support . . . ."

As a result of military service, Mr. Diehl draws a pension which provides disposable net pay of $2,267.28. The trial court determined the marital share of the pension to be eighty-nine percent. Mr. Diehl drew the pension for three months before the parties' separation and has continued to draw it thereafter. In addition, prior to the parties' separation, Mr. Diehl received a lump sum payment of $4,529.88, representing accrued leave.

The final decree recited the parties' agreement to sell the marital home. It ordered them to pay equally the monthly mortgage payment (PITI) pending sale, and it ordered that the net proceeds of sale should be divided equally between them. The decree recited that the trial court had considered all of the factors set forth in Code § 20-107.3 and provided further that Mr. Diehl should pay Mrs. Diehl a monetary award of $1,245.83, that she was awarded 44.5 percent (one-half of the marital share) of Mr. Diehl's "disposable retired pay," that Mr. Diehl should pay to Mrs. Diehl $1,061 per month as child support, and that Mr. Diehl should pay $1,500 against Mrs. Diehl's attorney's fees.

## I.

Mrs. Diehl first contends that the trial court erred in refusing to award her a share of the pension income received by Mr. Diehl between the time of their separation and the final decree of divorce. She argues that this income, the entitlement

to which accrued during the marriage, was a marital asset to be divided.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). In determining the equitable distribution of property, the trial court must first classify the property as separate or marital, must then value the property, and, finally, must determine the distribution of the property upon consideration of the factors found in Code § 20-107.3(E). Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991). The most appropriate date for classification is the date of the parties' last separation. Price v. Price, 4 Va. App. 224, 231, 355 S.E.2d 905, 909 (1987). The most suitable date for valuation is generally the evidentiary hearing date or trial date. Id. at 232, 355 S.E.2d at 910.

The marital share of Mr. Diehl's pension was a marital asset. The portion received prior to the parties' separation did not fall within the ambit of Code § 20-107.3. The portion received between the parties' final separation and the date of the final divorce decree was a marital asset, properly scheduled as such. However, Mrs. Diehl's contention on appeal requires not only that the retirement pay increment should have been scheduled as a marital asset, but also the determination that some portion

- 3 -

of that asset should have been distributed to her. We find no error in the trial court's determination.

The initial agreed order required Mr. Diehl to service the mortgage on the marital home for the benefit of both parties and their dependent children. The trial court took into account this application of Mr. Diehl's assets, along with the other factors found in Code § 20-107.3(E), in determining the proportion of the marital share of Mr. Diehl's retirement pay that should be awarded to Mrs. Diehl and in determining her lump sum award.

After hearing argument on a motion for reconsideration, the trial court said:

> It's an asset of the two parties, but all of that was taken into consideration. . . . I could . . . make him pay her that money back, but in balancing all of the assets and the considerations that the statute requires, I thought that the way I did it was fair.
>
> I'm not now going to go back, pick out one little item and say, well, maybe that could have gone another way. If I do that, I'd have to hold the whole trial again, because that would have an affect [sic] and somebody else would be here.

The record discloses unquestionably that the trial court considered the increment of retirement pay received by Mr. Diehl between the parties' separation and the final decree as a marital asset and that it considered that asset in determining the total equitable award. We find no abuse of discretion in that determination.

## II.

Mrs. Diehl next contends that the trial court erred in denying her a portion of Mr. Diehl's lump sum payment for annual accrued leave. We find no error. This payment was received by Mr. Diehl prior to the parties' separation. Mr. Diehl applied the proceeds to marital purposes, including the acquisition of tangible marital property which was included in the parties' joint marital estate for distribution purposes. No waste was proven.

## III.

Finally, Mrs. Diehl contends that the trial court erred in awarding her only $1,500 in attorney's fees. She argues that the need to prove Mr. Diehl's adultery justified a larger provision.

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Noting that Mr. Diehl had admitted his adultery, the trial court found that the circumstances of the case did not warrant a higher award. We perceive no abuse of discretion in this determination.

The judgment of the trial court is affirmed.

Affirmed.