COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Benton and Elder
Argued at Richmond, Virginia


DANIEL T. STREET

MEMORANDUM OPINION[*] BY
v.          Record No. 1940-95-4          JUDGE LARRY G. ELDER
                                          JANUARY 21, 1997
JOYAL C. STREET


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Rosemarie Annunziata, Judge

M. Lee Anne Washington (Surovell, Jackson,
Colten & Dugan, P.C., on briefs), for
appellant.

Richard J. Byrd (Byrd, Mische, Bevis, Bowen,
Joseph & O'Connor, P.C., on brief), for
appellee.


Daniel T. Street (husband) appeals the trial court's orders

denying his motion to modify pendente lite support and awarding

equitable distribution, spousal support and child support in his

divorce from Joyal C. Street (wife).  For the reasons that

follow, we affirm.

I.

FACTS

The parties were married in 1969, separated in 1992 and

divorced in 1995.  They had five children, two of whom were

unemancipated at the time of the divorce.  In February, 1993, the

trial court entered a pendente lite support order that directed

husband to pay $2,000 per month for spousal and child support,

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

$200 per month for utilities in the marital home, and the entire monthly mortgage payment on the marital home. In August, 1994, husband moved the trial court to decrease his pendente lite support obligations. During a meeting in chambers with the trial judge, both parties proffered their evidence regarding the motion. Husband proffered that he had experienced a change in his financial ability to make his pendente lite support payments because his business had declined and less cash was available. Wife proffered that the original pendente lite order was the result of a counseled agreement between the parties, that the needs of herself and the children had not changed, and that she was unable to work due to her continuing treatment for cancer. The trial court denied husband's motion to modify pendente lite support and moved the case to a final hearing, stating that its general policy regarding such motions was to refrain from modifying pendente lite orders and to instead schedule a final hearing for the resolution of all issues in the case. Husband did not object to the trial court's ruling.

On April 24, 25, and May 2, 1995, the trial court heard evidence on the issues of equitable distribution, spousal support and child support. The only marital assets for the purposes of equitable distribution were the husband's carpet installation business (business) and the marital home. On May 18, the trial court ruled from the bench that the business had a value of $160,000 and that the marital home was worth $142,000. It

awarded the business to husband, the house to wife, and ordered husband to pay the difference, minus wife's share of a joint tax liability, in monthly installments. The trial court also found that husband's monthly income was $7,639, comprised of $6,139 from his business and an additional $1,500 from "side jobs" not reported on the books of his business. The trial court found that wife had no income. Based on these figures, the trial court ordered husband to pay $2,300 per month in spousal support and $921 per month in child support.

## II.

## MODIFICATION OF PENDENTE LITE SUPPORT

Husband contends that the equitable distribution award should be reversed and remanded for a new hearing because the trial court erroneously denied his motion to modify pendente lite support, and this error adversely affected the valuation of his business. Specifically, husband argues that the trial court abused its discretion when it refused to hold a hearing on his motion. We disagree.

Divorce courts have statutory authority to make pendente lite orders to provide for inter alia spousal and child support. See Code § 20-103. An order for pendente lite support is an interlocutory order. See Pinkard v. Pinkard, 12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991); Beatty v. Beatty, 105 Va. 213, 215, 53 S.E. 2, 3 (1906). A trial court has the power to modify an interlocutory order prior to the entry of a final order in a

case.  See Richardson v. Gardner, 128 Va. 676, 685, 105 S.E. 225, 228 (1920); see also Pinkard, 12 Va. App. at 853, 407 S.E.2d at 342 (stating that "[t]he matter of pendente lite support remains within the control of the court and the court can change its mind while the matter is still pending before it").  However, an order of pendente lite support has the effect of res judicata as to the facts existing at the time the motion for such support was made, and a spouse seeking modification of pendente lite support must show a material change of circumstances subsequent to the entry of the pendente lite order that warrants the relief sought.  See 24 Am. Jur. 2d Divorce and Separation § 583 (1983).  In addition, unlike a motion to modify a final order of spousal or child support, "the reopening of [an interlocutory order] is not a matter of right, but rests in the sound discretion of the [trial court]."  Hurley v. Bennett, 163 Va. 241, 250, 176 S.E. 171, 174 (1934).

Assuming without deciding that husband preserved his appeal of this issue, we hold that the trial court did not abuse its discretion when it denied husband's motion to modify pendente lite support without holding a hearing.  On appeal, a final order in a divorce case will not be reversed because of a trial court's decision regarding pendente lite support unless the record shows that the pendente lite decision was an abuse of discretion and that this error adversely affected the final order in the case.  See Pinkard, 12 Va. App. at 853, 407 S.E.2d at 341.  The record

-4-

does not indicate that the trial court's decision was arbitrary. First, husband did not proffer that his purported change in circumstances warranted a modification of the pendente lite order. Although husband proffered that a decline in his business had reduced his ability to pay his pendente lite support obligations, the trial court could not determine from his proffer either the substantive nature of his current ability to pay or whether his inability to pay was caused by his own voluntary act or neglect. In addition, wife proffered that her needs and the needs of the children were unchanged and that she was unable to support herself because of her ongoing treatment for cancer. Finally, at the time of husband's motion, the case had been pending for over a year and a half. Based on the proffers of the parties and the trial court's legitimate concern for the efficient resolution of the case, we cannot say that the trial court abused its discretion when it declined to reopen the issue of pendente lite support and instead moved the case to a final hearing. See Richardson, 128 Va. at 685, 105 S.E. at 228 (stating that interlocutory orders are generally reconsidered only "when considerations of justice require it").

### III.

### PRESERVATION OF ISSUES FOR APPEAL BY HUSBAND

Regarding the trial court's valuation of the marital home, the record shows that husband stated a general exception in the final decree of divorce to the trial court's award of equitable

distribution "and the bases set forth therefore." The award of the trial court states numerous findings on which it based its decision, and the record reveals no instance in which husband stated that a ground for his objection was that the trial court improperly valued the marital home. Significantly, both the transcript of the proceedings and husband's motion for reconsideration contain no argument by husband's counsel on this issue. Husband's vague exception to the "bases" for the trial court's award, without more, was inadequate to provide the court with the opportunity to rule intelligently on the correctness of its valuation. Although counsel for a party may satisfy Rule 5A:18 by including an objection and reasons therefor in the trial court's final order, a mere statement in an order that it is "seen and objected to" is insufficient. Lee v. Lee, 12 Va. App. 512, 515-16, 404 S.E.2d 736, 738 (1991); Konefal v. Konefal, 18 Va. App. 612, 615, 446 S.E.2d 153, 154-55 (1994) (statement in final order stating that husband "duly excepts" with no other indication in the record of the grounds for his objection fails to satisfy Rule 5A:18).

On the other hand, we hold that husband properly preserved his appeal regarding the trial court's finding of income from side jobs, child and spousal support, and its valuation of his business. Unlike the issue involving the value of the marital home, the record shows that husband adequately made known to the trial court his position regarding these issues.

Arguments made at trial via written pleading,

> memorandum, recital of objections in a final order, <u>oral argument reduced to transcript</u>, or agreed written statement of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.

Code § 8.01-384 (emphasis added). Regarding income from side jobs, husband's counsel argued to the trial court in his closing argument on May 2 that the evidence was insufficient to prove that husband regularly received income from jobs not reported on the books of his business. This argument, which was reduced to transcript, in combination with the exception taken by husband's counsel and noted by the trial court in the final decree gave the trial court the opportunity to rule intelligently on the issue and satisfied the purpose of Rule 5A:18. <u>Kaufman v. Kaufman</u>, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3 (1991) (holding that appeal not barred where appellant made known to trial court his position through memoranda and other written correspondence and court noted general objection in decree). Obviously, the determination of husband's monthly income had a direct effect on spousal and child support.

Similarly, following the testimony of husband's expert on the valuation of the business, husband's counsel argued to the trial court that the value of negative working capital was actually greater than the figure stated in the report of husband's expert because husband's expert mistakenly omitted certain liabilities from his calculation that were included in the report of wife's expert. In his closing argument, husband's

-7-

counsel argued that husband's expert justifiably adjusted the value of the business downward to account for the key man problem and its low profitability.  In addition, husband's counsel endorsed the final decree "seen and . . . partly excepted to as set forth above" and marked his initials next to the paragraph in which the trial court states its valuation of the business.[1]  Again, this combination of oral argument reduced to transcript and an objection noted by the trial court in the final decree was sufficient to make known husband's objection to the valuation of his business in accordance with Rule 5A:18.

IV.

EQUITABLE DISTRIBUTION:  VALUE OF HUSBAND'S BUSINESS

"Code § 20-107.3 requires a trial court to value the parties' separate and marital property before making a monetary award.  The trial court's valuation cannot be based on 'mere guesswork.'  However, the burden is on the parties to provide the trial court sufficient evidence from which it can value their property."  Stratton v. Stratton, 16 Va. App. 878, 883, 433 S.E.2d 920, 922 (1993) (citing Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989)).  "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly

---

[1]Husband's initials appear in the original version of final decree that was first entered on July 20, 1995.  This version contained minor errors that were subsequently corrected by the trial court on February 2, 1996.

wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

We hold that the trial court's valuation of the business was neither plainly wrong nor without evidence to support it. Husband contends that the trial court erred in valuing his business because it failed to use the negative working capital amount that was agreed upon by both parties, which he alleges was approximately –$100,000.  However, the record shows that the experts did not agree that this figure was the amount of negative working capital.  Both experts agreed that working capital was determined by subtracting current liabilities from current assets and that, in the case of husband's business, this amount was a negative number.  Wife's expert testified that she used the negative working capital in husband's expert's report, –$36,708, because she did not have access to either husband or his bookkeeper.  Husband's expert testified that, although he initially estimated negative working capital to be –$36,708, he had recently discovered additional liabilities and that negative working capital was probably closer to –$100,000.  The trial court merely resolved this disputed evidence in favor of the initial estimate of husband's expert.

Husband also argues that the trial court erred when it failed to adjust the value of the business downward to account for its purported key man problem and low profitability.  Again, the testimony of the experts conflicted regarding whether the

computations derived from the Bizcomps data should be adjusted downward to account for these factors. The trial court found one of the experts to be more credible, and that finding is supported by the evidence. Reid v. Reid, 7 Va. App. 553, 563, 375 S.E.2d 533, 539 (1989) (court's finding that one expert's valuation of wife's interest in travel agency was more credible than others supported by evidence).

V.

HUSBAND'S INCOME FROM SIDE JOBS: CHILD AND SPOUSAL SUPPORT

Husband contends that the evidence was not sufficient to support the trial court's finding that husband's income included $1,500 per month from side jobs not reported on the books of his business. "Decisions regarding 'spousal support . . . rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence.'" Konefal, 18 Va. App. at 614, 446 S.E.2d at 154 (citation omitted). Wife testified that husband made an additional $1,500 to $3,000 a month from side jobs. In addition, two of the parties' children and two former employees of the business testified that husband received income from side jobs that was unreported on the business' books. It cannot be said that the trial court's conclusion regarding the husband's monthly income from side jobs was plainly wrong or without evidence to support it. Furthermore, contrary to husband's assertion, the trial court did not impute income to husband when it made its

-10-

finding of income from side jobs.  A trial court "imputes" income when it assigns income for the purposes of calculating support payable by an individual found to be voluntarily unemployed or underemployed.  Bennett v. Commonwealth, 22 Va. App. 684, 691, 472 S.E.2d 668, 672 (1996); Code § 20-108.1(B)(3).  In this case, the trial court did not conclude that husband was voluntarily underemployed and instead found that the income from side jobs was income actually earned by husband.

In view of this Court's holding that the trial court did not err in finding "side job" income of $1,500 per month, in addition to the $6,139 monthly income from his business, we cannot say that the trial court abused its discretion or is plainly wrong in awarding monthly spousal support of $2,300.  Likewise, the monthly child support award of $921 was based on the application of the child support guidelines to a monthly income of $7,639.

Based on the foregoing, we affirm the decision of the trial court.

Affirmed.

Benton, J., dissenting.


The record reveals that eighteen months after the pendente lite award was entered, the husband filed a motion to modify the award. At a hearing on August 22, 1994, husband's counsel proffered evidence that the husband's business was failing and that the husband did not have sufficient income to pay support as ordered. Ruling that it was not his "policy" to modify pendente lite orders, the judge declined to hear evidence on the motion. A year later, the trial judge heard evidence ore tenus regarding the divorce issues. The trial judge then entered a final order setting support. The husband's appeal from that final order includes a challenge to the judge's refusal to consider the husband's motion for a modification of the pendente lite support award.

I would hold that by making a motion to modify the pendente lite support order, the husband adequately brought before the judge the issue that he now raises on appeal. Because the judge accepted proffers from the parties and decided against hearing the motion to modify, we are not in the position of considering this issue for the first time on appeal. Moreover, requiring the husband to object after the trial judge overruled his motion would result in reargument of issues already decided, unnecessary delay, and fostering a climate of contentiousness at trial. When the judge overrules a party's motion, the moving party obviously objects to the adverse ruling for the reasons stated in the

motion and motion argument.  See Code § 8.01-384.

In addition, requiring the husband to object to the denial of his motion "would, in effect, recreate the requirement of noting an exception to a final adverse ruling of the trial judge."  Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992).  By statute, the husband was not required to take exception to the trial judge's denial of his motion for modification of the pendente lite order.  "Formal exceptions to rulings or orders . . . shall be unnecessary; but . . . , it shall be sufficient that a party, at the time the ruling or order . . . is made or sought, makes known to the court the action which he desires the court to take."  Code § 8.01-384.

I would therefore hold that the husband is not barred from appealing this issue after entry of the final decree. Furthermore, this appeal properly brings before this Court for consideration issues relating to the effect of the judge's refusal to reconsider the pendente lite order.  We have previously ruled that "[i]f, after entry of the final order in the case, the appellant alleges that the final judgment was adversely affected by the failure of the trial judge to grant pendente lite support . . . , [the appellant] may appeal the final order and seek a new trial."  Pinkard v. Pinkard, 12 Va. App. 848, 853, 407 S.E.2d 339, 342 (1991).

The written statement of facts recites that, in support of his motion, the husband's counsel proffered "that [the husband's]

-13-

business was not doing well, that less cash was available, and that [the husband] could not make the pendente lite support payments." The wife's counsel merely "proffered that the marriage was a long one, that the needs of the wife and children had not changed, that the wife was unable to work because she was still being treated for cancer, and that the original pendente lite order had been agreed upon by the parties at a . . . conference with counsel present." The wife's counsel did not refute the avowal of the husband's changed financial condition. Thus, the husband's "counsel's avowal, the truth of which was unchallenged . . . , constituted a proper proffer." Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81-82 (1977).

Based upon the husband's proffer of financial distress and the long duration of the pendente lite order, "considerations of justice require[d]" the trial judge to hear the evidence and grant the husband's motion for relief. Richardson v. Gardner, 128 Va. 676, 685, 105 S.E. 225, 228 (1920). The record proved that the judge invoked a "policy" of the court in refusing to consider the husband's motion for modification of the pendente lite support award. That ruling was not based upon a sound exercise of discretion or a consideration of the financial distress that the husband's counsel proffered in support of his request for a hearing. The trial judge's refusal because of "policy" to consider a modification of the pendente lite order was error as a matter of law. See Newton v. Wilson, 199 Va. 864,

868-69, 102 S.E.2d 299, 302 (1958) ("The refusal of the lower court to hear . . . evidence on the issues raised by the [motion for revocation of the interlocutory order] . . . was error.").

I disagree with the majority's view that the trial judge's ruling tended to promote an efficient resolution of the case. The pendente lite order had been in effect for more than a year. Another year lapsed after the motion to modify the pendente lite award was filed in July 1994 and before the final order was entered in July 1995. The trial judge therefore had ample time to hear the motion without prolonging the final disposition of the matter.

The husband alleges that the failure to grant a modification of the pendente lite support award affected the valuation of the husband's business and the final property distribution award. The evidence eventually admitted at the April, 1995 ore tenus hearing revealed that the circumstances of the husband's business at the time of his motion to modify the pendente lite award amply supported the husband's proffer. The ore tenus evidence proved that the husband operated his carpeting business as a sole proprietorship. The wife's own expert stated that the business' liabilities exceeded its assets, the business had a negative net worth, and the business had a negative cash balance of $15,194 at the end of 1994. The evidence further proved that the husband drew funds from his business in excess of profits to pay the pendente lite support. The wife's expert stated that "[the

-15-

husband] has not limited his draw and cash taken out for personal use to the level of profits. The working capital has been depleted and liabilities have risen."

The husband's expert assessed the business loss to be greater than the amount proved by the wife's expert. The report submitted by the husband's expert showed that since the entry of the pendente lite support order in February, 1993, the business' cash flow had declined dramatically. Moreover, the business' liabilities had increased from $117,054 in 1992 to $183,090 at the end of 1993. Indeed, at the time of the husband's motion to modify the pendente lite award, the wife did not dispute the husband's allegations that the business had deteriorated.

The trial judge found that the business' tax debts continued to grow partly due to the husband's diversion of funds to pay support and divorce costs. Specifically, the trial judge found that "the evidence in the case supports the conclusion that some of [the husband's] growing debt to the IRS resulted from the fact that the funds which would otherwise be used to pay the tax liability were used to pay [the husband's] divorce-related fees and costs for attorneys, accountants, and support."

Thus, the evidence proved that after the trial judge refused to consider the husband's motion to modify the pendente lite support award, the husband continued to draw money from the business in excess of profits in order to pay the support and other costs of the divorce. In effect, the husband encumbered

marital property to pay marital expenses. No evidence proved, however, that the husband deliberately encumbered the business in order to diminish the value of the wife's equitable distribution award. Nevertheless, the trial judge "found it inappropriate to consider personal liabilities as part of a business' current liabilities."

In Marion v. Marion, 11 Va. App. 659, 401 S.E.2d 432 (1991), this Court explicitly stated that when valuing marital property, "the amount of the indebtedness must be deducted from the gross value of the property to determine the net value for purposes of equitable distribution." Id. at 667, 401 S.E.2d at 437. Only if the spouse deliberately encumbered the property to reduce the equitable distribution award may the judge refuse to consider the debt. See Trivett v. Trivett, 7 Va. App. 148, 152, 371 S.E.2d 560, 562 (1988). In addition, "expenditure of funds for items such as living expenses, support, and attorney's fees, constitutes a valid marital purpose and is not dissipation or a deliberate attempt to affect a monetary award." Decker v. Decker, 17 Va. App. 12, 19, 435 S.E.2d 407, 412 (1993). Therefore, debts incurred to pay personal and marital expenses, including support, properly must be used to reduce the value of the encumbered property. See id.

After erroneously failing to consider the husband's request for modification of pendente lite support payments, the trial judge penalized the husband for his compliance with the pendente

<u>lite</u> order by excluding the marital debt in valuing the sole proprietorship.  Because the record does not establish that the husband had any other source of meeting his court ordered obligations, I would hold that the trial judge erred in failing to consider the effect of her orders in diminishing the value of the sole proprietorship, a marital property.  The trial judge's valuation of the business was plainly wrong.

Because I believe that the valuation of the business was flawed by the failure to consider the impact of refusing to reduce the <u>pendente</u> <u>lite</u> support and the consequential drain of the business' assets, I would reverse the valuation and remand for reconsideration of the equitable distribution award.