COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


IRENE COOPER SILCOX
                                     MEMORANDUM OPINION[*] BY
v.          Record No. 0938-97-2      JUDGE LARRY G. ELDER
                                         MARCH 3, 1998
MORRIS PHILIP SILCOX


             FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

             Paul R. Mack (Saunders, Cary & Patterson, on
             brief), for appellant.

             A. Russell Watson (Hairfield, Morton & Allen,
             PLC, on brief), for appellee.



        Irene C. Silcox ("wife") appeals the trial court's orders of

equitable distribution, spousal support, and attorney fees in her

divorce from Morris P. Silcox ("husband").  For the following

reasons, we affirm in part, reverse in part, and remand.

                                  I.

                       EQUITABLE DISTRIBUTION

        Wife challenges the trial court's award of equitable

distribution on two grounds.  Wife contends that the trial court

erred when it (1) equally divided the marital estate between the

parties and ordered her to make a lump sum payment to husband and

(2) awarded husband one-half of her retirement funds.  We

disagree.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Code § 20-107.3, which governs awards of equitable distribution, "is intended to recognize a marriage as a partnership and to provide a means to divide equitably the wealth accumulated during and by that partnership based on the monetary and non-monetary contributions of each spouse." Williams v. Williams, 4 Va. App. 19, 24, 354 S.E.2d 64, 66 (1987). "Where an equitable distribution is appropriate, then all of the provisions of Code § 20-107.3 must be followed." Artis v. Artis, 4 Va. App. 132, 136, 354 S.E.2d 812, 814 (1987). After classifying and valuing all of the property at issue, the court may (1) order the division or transfer, or both, of jointly owned marital property, (2) apportion and order the payment of marital debts, or (3) grant a monetary award to either party. See Code § 20-107.3(A), (C), (D). The court must determine the amount of its award of any of these remedies "upon the factors listed in [Code § 20-107.3(E)]." Code § 20-107.3(C), (D). Subject to these enumerated statutory factors, "this division or transfer of jointly owned marital property, [the apportionment of marital debts,] and the amount of any monetary award, is within the sound discretion of the trial court." Dietz v. Dietz, 17 Va. App. 203, 216, 436 S.E.2d 463, 471 (1993).

Although, when making an equitable distribution decision, the trial court is not required "to quantify the weight given to each [factor] . . . [or] to weigh each factor equally," Marion v. Marion, 11 Va. App. 659, 664, 401 S.E.2d 432, 436 (1991), "[t]he

2

appropriate consideration of the factors [of Code § 20-107.3(E)] entails more than a mere recitation in the record or decree that all the statutory factors have been considered or reviewed." Alphin v. Alphin, 15 Va. App. 395, 405, 424 S.E.2d 572, 578 (1992). Instead, "[the trial court's] considerations must be supported by the evidence." Id.; see also Trivett v. Trivett, 7 Va. App. 148, 153-54, 371 S.E.2d 560, 563 (1988).

We first hold that the trial court's decisions to divide the marital property evenly between the parties and to award a lump sum payment to husband were neither unsupported by the record nor an abuse of discretion. The record established that the parties were married for over thirty-five years and that wife was fifty-six and husband was fifty-four at the time of the proceedings. Husband is in "pretty good" health, while wife suffers from severe back pain and is only able to work part-time. Both parties made substantial monetary contributions to the well-being of the family and to the acquisition and care of the marital property. Wife worked until her retirement in March 1994, and husband worked throughout the duration of the marriage. During the thirty-two-and-a-half years that they both worked, husband's income was generally more than twenty percent greater than wife's. Husband and wife testified that they both made significant non-monetary contributions to the family and marital property during the first twenty-five years of the marriage and that husband made no non-monetary contributions during the last

3

ten years the parties were married.  The primary marital asset awarded to wife was the marital residence, which had a value of $85,000 and secured by two mortgages worth a total of $20,637.85.  Although the marital residence, itself, is not particularly liquid, the record established that wife's equity in the property was $64,362.15.  The record established that the parties' marriage dissolved as the parties "grew apart" following their daughter's departure from the marital residence.  The trial court granted wife a divorce based upon husband's desertion of her, and this conduct constituted a "negative nonmonetary contribution" to the well-being of the family.  However, no evidence established that husband's misconduct had any adverse effect upon the marital property.  See O'Loughlin v. O'Loughlin, 20 Va. App. 522, 527-28, 458 S.E.2d 323, 325-26 (1995) (citing Aster v. Gross, 7 Va. App. 1, 5-6, 371 S.E.2d 833, 836 (1988)).  In light of this evidence, we cannot say that the trial court's weighing of the statutory factors or its decisions to evenly divide the marital estate and award husband a lump sum payment were an abuse of discretion.  Cf. Marion, 11 Va. App. at 663-64, 401 S.E.2d at 435-36.

Likewise, we hold that the trial court's decision to equally divide wife's retirement funds was supported by the evidence and was not an abuse of discretion.  Under Code § 20-107.3, a trial court fashioning an award of equitable distribution is permitted, but is not required, to order divisions of marital property that vary on an asset-by-asset basis.  See Artis v. Artis, 10 Va. App.

4

356, 362, 392 S.E.2d 504, 507 (1990).  As with any division of
marital property, the trial court's decision with regard to a
specific asset is accorded deference on appeal if it is based
upon all of the procedures and criteria set forth in Code
§ 20-107.3 and is supported by the evidence.  See id.  The record
established that wife's retirement funds were acquired during the
marriage through her employment with Bell Atlantic.  The parties
agreed that wife would contribute as much to her employer's
retirement plan as the plan would allow.  Following her "buy out"
from Bell Atlantic in March 1994, wife reinvested these
retirement funds in two mutual funds.  The parties stipulated
that the two funds were currently worth a total of $178,537.10.
The record also established that husband had a pension plan
through his employer that was worth $562.41 per month once he
retired.  The trial court ordered an equal division of those
funds as they became payable.  The trial court expressly stated
that its equitable distribution award was based upon its review
of the factors listed in Code § 20-107.3(E).  In light of the
evidence in the record, we cannot say that the trial court's
consideration of the statutory factors, including husband's
fault, or its decision to equally divide the retirement funds was
an abuse of discretion.

## II.

### SPOUSAL SUPPORT

Wife contends that the trial court abused its discretion

5

when it awarded her $500 per month in spousal support.  She argues that the trial court's award is insufficient to maintain her in the manner to which she was accustomed during the parties' marriage and that the trial court erroneously assessed each party's needs and abilities in the wake of its equitable distribution award.  We agree.

When spouses are divorced, "'the law imposes upon the [supporting spouse] the duty, within the limits of [his or her] financial ability, to maintain [his or her] former [spouse] according to the station in life to which [he or she] was accustomed during the marriage.'"  Via v. Via, 14 Va. App. 868, 870, 419 S.E.2d 431, 433 (1992) (quoting Klotz v. Klotz, 203 Va. 677, 680, 127 S.E.2d 104, 106 (1962)).  "In fixing the amount of the spousal support award, a review of all of the factors contained in Code § 20-107.1 is mandatory, and the amount awarded must be fair and just under all of the circumstances."  Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992).  The trial court "must consider each spouse's current circumstances," including his and her earning capacity, obligations, needs, financial resources, property interests, education, training, age, physical and mental condition, and award of equitable distribution.  See Stubblebine v. Stubblebine, 22 Va. App. 703, 710-11, 473 S.E.2d 72, 75 (1996) (en banc); Code § 20-107.1.  The court must also consider the duration of the marriage, the standard of living established during the marriage, and each

6

party's contributions to the well-being of the family. See Code § 20-107.1. "[W]hen the record discloses that the [trial] court has considered all of the statutory factors, its ruling will not be disturbed on appeal absent a clear abuse of discretion." Lambert v. Lambert, 10 Va. App. 623, 628, 395 S.E.2d 207, 210 (1990).

In this case, the trial court found that wife was in need of support and that husband had the ability to provide support. Although the trial court stated that it considered all of the statutory factors set forth in Code § 20-107.1, it did not explain how it weighed these factors to determine its award. Specifically, it did not explain why it awarded wife $500 per month rather than the $1,000 per month she requested. Although a trial court is not required to "quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors," Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986), consideration of the statutory factors "entails more than a recitation in the record or decree that all factors have been considered." Gibson v. Gibson, 5 Va. App. 426, 435, 364 S.E.2d 518, 523 (1988). "When the court does not quantify or elaborate on what weight or consideration it has given each factor, we must examine the record to determine if the award is supported by evidence relevant to those factors." Id.

We hold that the trial court abused its discretion when it awarded wife only half of the $1,000 she requested in monthly

7

spousal support.  The evidence regarding the parties'
circumstances <u>following</u> the trial court's award of equitable
distribution does not support the trial court's apparent weighing
of the statutory factors of Code § 20-107.1.

The record established that, after the trial court's award
of equitable distribution, wife had a net monthly income of
$1,064 from two sources:  $500 from her part-time job and $564
from her share of the mutual funds.[1]  Her monthly expenses,
excluding the challenged expense relating to her completed dental
and dermatology payments, totaled $2,211.  Husband's net monthly
income following the award of equitable distribution, which
included his share of the mutual funds[2] and excluded his

---

[1]In its decree, the trial court ordered that husband receive
fifty percent of wife's retirement funds "as paid to [wife],"
<u>unless</u> it was possible for husband to receive a lump sum
representing his fifty-percent share of their value.  At oral
argument, counsel for both parties indicated that husband
received such a lump sum and that wife continues to draw $1,128
per month from her share of the funds.  However, the record does
not indicate that these funds were dispensed in this manner.  It
is axiomatic that, as an appellate court, we are required to
decide this case upon the facts contained <u>in the record</u>.  Thus,
because the record does not indicate that a lump sum payment of
husband's share of the retirement funds was "possible," we must
assume that husband receives his share of these funds as they are
paid to wife.  The record indicates that, until wife reaches the
age of fifty-nine-and-a-half, the amount of the retirement funds
payable to her <u>without penalties or interest</u> is $1,128 per month.
 After wife reaches the age of fifty-nine-and-a-half, the entire
principal of the two funds will be payable without incurring
additional penalties or interest expenses.  Thus, contrary to the
assertions of the parties' counsel, the record indicates that,
following the trial court's award of equitable distribution,
husband and wife were splitting the monthly payment of $1,128.

[2]<u>See</u> <u>supra</u> note 1.

8

deduction for the loan from Virginia Boxer Credit Union, was $3,448.84.[3]  His monthly expenses, after adjusting for the trial court's allocation of the two mortgages and the credit union loan to wife, were $2,130.25.[4]  Although husband's expenses included the cost of playing golf and purchasing cigars, the record indicates that these avocations were part of the standard of living he enjoyed during the marriage.  In addition, the nature of the trial court's award of equitable distribution to husband, which included a monetary award of $14,364 and monthly income of $564 from the mutual funds, provided him with significantly more cash than wife's award.

The record also established that husband's current gross annual income from his job as an ink dispatcher is $54,471.72 and that he is in good health.  Wife is limited to part-time work due to her back problems, and her gross annual income as a part-time receptionist is $8,316.  Moreover, during most of their thirty-five-year marriage, the parties enjoyed a moderate lifestyle.  Although the parties occasionally used debt to finance their acquisitions, husband testified that "everybody had

_____

[3] $2,235.34 (husband's estimate of his "average monthly net income") + $564 (husband's monthly payment from the mutual funds) + $649.50 (the deduction previously taken by husband for the payment of the loan from Virginia Boxer Credit Union that was allocated to wife) = $3,448.84.

[4] $3,283.25 (husband's estimate of his "average monthly expenses") – $703 (mortgage payments previously claimed as an expense by husband that were allocated to wife) – $450 (the average of the six monthly payments made by husband on the "Va. Boxer" loan that was allocated to wife) = $2,130.25.

not only what they needed but just about what they wanted." Husband also testified that he made no non-monetary contributions to the well-being of the family during the last few years of the marriage.

In light of this evidence regarding the statutory factors, particularly the significant gap between wife's post-equitable-distribution monthly deficit of $1,147 and husband's post-equitable-distribution monthly surplus of over $1,300 and the stark contrast between their respective physical conditions and earning capacities, we conclude that the trial court's balancing of wife's needs against husband's ability to pay is not supported by the evidence in the record. Cf. Via, 14 Va. App. at 871-72, 419 S.E.2d at 433-34; Woolley, 3 Va. App. at 345-47, 349 S.E.2d at 426-27. As such, its award of spousal support was an abuse of discretion.

### III.

### ATTORNEY FEES

Wife next contends that the amount of the trial court's award of attorney fees -- $2,500 of her total bill of "almost $16,000.00" -- was an abuse of discretion. We disagree.

"An award of attorney fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of attorney fees is "reasonableness under all of the circumstances."

10

McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  When determining the proper amount of attorney fees, the trial court is required to consider "the circumstances of the parties," Barnes v. Barnes, 16 Va. App. 98, 106, 428 S.E.2d 294, 300 (1993), and "the equities of the entire case."  Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989).

We hold that the trial court's award of attorney fees for the proceedings leading up to its final decree is supported by the evidence in the record and was not an abuse of discretion. Based on the circumstances and equities of this case, including each party's needs, abilities, resources, and legal maneuvers, we cannot say that the trial court's award of $2,500 of wife's attorney fees was an unreasonably low amount.

For the foregoing reasons, we affirm the trial court's awards of equitable distribution and attorney fees, reverse the trial court's award of spousal support, and remand for further proceedings consistent with this opinion.

Affirmed in part,<br>reversed in part,<br>and remanded.

11